McEVERS, Justice,
concurring specialty-
[¶ 44] I agree with the majority that a criminal defendant’s Fourth Amendment privacy interests are weighed against the governmental interests on a continuum. I write separately to point out that this case is different than any of the cases cited by the majority or the dissenters because Ballard was placed on unsupervised probation. The government interest in restricting a defendant’s privacy is obviously less for a defendant on unsupervised probation than supervised probation. The difference should weigh into the reasonableness of the search.
*73 [¶ 45] When a court suspends all or part of a sentence, the court is required to place a defendant on probation. N.D.C.C. § 12.1-32-02(3). Under N.D.C.C. § 12.1-32-07(1), individuals convicted of certain crimes are required to be placed on supervised probation based on the seriousness of the crime or -that the defendant was convicted of a subsequent offense. The more serious offenders are required by statute to be placed on supervised probation under the management and supervision of the department of corrections. Those convicted of less serious crimes, such as class A misdemeanors, may be placed on supervised probation with the department of corrections or other responsible party. Id, For other lesser crimes, A misdemeanors and below, the court has the discretion to place the defendant under the supervision of a community corrections program other than the department of corrections. The court also has the discretion to place these lower level offenders to unsupervised probation. N.D.C.C. § 12.1-32-06.1. The legislature has created this structure in an effort to protect the public and reduce recidivism, while still allowing judges some discretion to determine the level of supervision necessary.
[¶ 46] The court did not designate any department or community program to supervise Ballard. It stands to reason that the court Considered Ballard’s misdemean- or crimes to be low level and low risk to society by choosing to place him on unsupervised probation. The court did not designate law enforcement or any other community corrections program to supervise, monitor or enforce the terms of Ballard’s probation. The search clause used here required Ballard to “submit to a search of his person, place and vehicle at the request of law enforcement without a warrant.” The search term did not specifically include his “place of residence,” although arguably that is likely what the judge intended. The search term set no other parameters, such as the time of day or level of suspicion necessary for the search.
[¶ 47] When the court imposes a sentence to probation, the defendant must be given a certificate explicitly setting the conditions of release. N.D.C.C. § 12.1— 32-07(5). This search' term here did not explicitly include Ballard’s place of residence. Ballard has not challenged the stop of the vehicle or the search of his person or his vehicle. Neither of these searches produced any contraband. Under these circumstances, it was unreasonable for the police officer to search Ballard’s home without consent, without a warrant and without reasonable suspicion. Ballard’s place of residence was not even specifically listed in ’ the search clause. Any suspicion the officer may have had due to Ballard being with another low risk person on unsupervised’ probation should have dissipated when the search of the vehicle and his person turned up nothing. Based on the facts of this case, the search of Ballard’s home was constitutionally unreasonable.
’[¶ 48] Lisa Fair McEvers